UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN RAMERO,

                        Plaintiff,

                         -v-

DOCTOR JUAN YOUNG, et al,

                        Defendants.

**Hon Hugh B. Scott**

11-CV-509A

**Report
&
Recommendation**

---

## INTRODUCTION

Before the Court is defendants' motion to dismiss this *pro se* prisoner civil rights action filed under 42 U.S.C. § 1983 based on plaintiff's failure to prosecute this action by failing to provide the Court, as required, with an updated address at which he could be served papers. See L.R.Civ.P. 5.2(d). (Docket No. 18.)

## PROCEDURAL BACKGROUND

Plaintiff, John Romero, filed this action when he was an inmate at the Groveland Correctional Facility. He alleged that defendants, various medical personnel at Groveland, failed to provide him adequate medical care in violation of the Eighth Amendment to the United States Constitution. (Docket No. 1, Complaint.) The Court, upon initial review of the complaint pursuant to 28 U.S.C. § § 1915(e)(2)(B) and 1915A, granted plaintiff permission to proceed *in forma pauperis* but found that the complaint failed to state a claim upon which relief could be

granted and directed that unless plaintiff filed an amended complaint the complaint would be dismissed with prejudice. (Docket No. 6.) Upon filing of the amended complaint (Docket No. 7), which was directed to be sealed because it contained confidential and personal medical information, the Court dismissed the claims against the New York State Department of Corrections and Community Supervision ("DOCCS") and directed that the summons and amended complaint be served upon the remaining defendants. (Docket No. 8.)

The summons and amended complaint were served and on January 25 and 29, 2013, and the defendants filed their answers. (Docket Nos. 14, 17.) A Scheduling/Case Management Order was entered on January 28, 2013, but when a copy of that Order was served on plaintiff at the address he had provided to the Court in December 2012, upon his release from Groveland, it was returned as undeliverable.[1] Defendants filed the instant motion to dismiss on March 13, 2013.[2] (Docket No. 18.) Upon filing of the motion, the Clerk's Office confirmed on DOCCS's website <http://nysdoccslookup.doccs.ny.gov> that plaintiff had not been re-incarcerated and, upon contacting the parole office at Groveland, the Clerk's Office was advised of a last known (or reported) address for plaintiff.[3] That address was noted on the docket on March 19, 2013.

---

[1] Defendants' Memorandum of Law in Support of the Motion to Dismiss ("MOL") and Attorney Declaration ("Dec.") note that a number of documents forwarded by defendants' counsel to plaintiff at the last known address, as last reported by plaintiff in December 2012, have also been returned as undeliverable with the notation "Return to Sender, Not Deliverable as Addressed," including defendants' answers, a medicare demand and an authorization to obtain plaintiff's medical records. (Docket No. 18, MOL, at 2., Dec., ¶¶ 10-14, Exhs. A, C.)

[2] The Court notes that in 2011 the New York State Department of Corrections and the New York State Division of Parole merged to form the New York State Department of Corrections and Community Supervision.

[3] When mail to a inmate litigant is returned the Clerk's or Court's Pro Se Office will routinely check the DOCCS website and determine if the litigant has been transferred to another DOCCS Facility, which occurs regularly, or released. The Court is under no obligation to do this and the Court does not intimate herein that either the Court or defendants have an obligation do this. As addressed below, L.R.Civ.P. 5.2(d) places the burden solely on a *pro se* litigant to keep the Court updated as to his or her most recent address for the

2

Upon referral of this matter to the undersigned for all pre-trial matters and to hear and report upon dispositive motions for consideration by the District Judge, see 28 U.S.C. § 636(b)(1)(A)-(c), a Scheduling (Briefing) Order for defendants' motion to dismiss was entered. That Order was forwarded to plaintiff at the address that had been provided by the parole office at Groveland but it too was returned as undeliverable. Plaintiff has not notified the Court of any address changes since the first time he did so upon his release from Groveland in December 2012.

## **DISCUSSION**

L.R.Civ.P. 5.2(d) provides that

> **Service**. A party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant. The Court will assume that the litigant has received papers sent to the address he or she provides. The Court must have a current address at all times. Thus, a *pro se* litigant must inform the Court immediately, in writing, of any change of address. Failure to do so may result in dismissal of the case, with prejudice.

Defendants' motion to dismiss is made pursuant to Fed.R.Civ.P. 37 and 41(b), and is based on plaintiff's failure to both provide the Court with a valid or updated address for service in violation of Loc.R.Civ.P. 5.2(d) and to comply with the undersigned's Scheduling/Case Management Order which stated specifically that plaintiff was required to notify the Court of any change of address and that his failure to do so would "result[] in the dismissal (**with prejudice**) of this action." (Docket No. 15 (emphasis in original)).

---

service of papers.

3

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . (C) fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(c) provides that the Court may dismiss the complaint for a party's failure to obey an order of the Court.[4] A dismissal "may be imposed even against a plaintiff who is proceeding pro se, as long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir.1994).

Both the Court's Local Rule and the Scheduling/Case Management Order advised plaintiff specifically that he had to notify the Court of any change of address and that his failure to do so would result in the dismissal of his action with prejudice. Plaintiff was presumably aware of this obligation when he advised the Court of his change of address upon his release from Groveland. The Scheduling/Case Management Order was forwarded to plaintiff at that last known address. The Court's Scheduling (Briefing) Order for defendant's motion, which was forwarded to the address provided to the Court by the parole office at Groveland, also advised plaintiff that "[t]he motion seeks to dismiss the complaint in its entirety. If the plaintiff fails to respond to the Motion as directed above, the complaint may be dismissed based on a failure to prosecute." (Docket No. 20 (original in all caps).)

It is plaintiff's responsibility to keep the Court informed at all times of his current address. See, e.g., Roundtree v. Health and Hospitals Police Dept., 2007 WL 1428428, at *1

---

[4] Fed.R.Civ.P. 37(b)(2)(A) provides in pertinent part that

If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. . . . [that] may include the following: (v) dismissing the action or proceeding in whole or in part . . . .

(S.D.N.Y. May 14, 2007) (citing to Hibbert v. Apfel, 2000 WL 977683 (S.D.N.Y. July 17, 2000) (unpublished opinion)); Pearson v. City of New York, et al., 2006 WL 3511384 (E.D.N.Y. Dec. 5, 2006) (adopting Report and Recommendation to dismiss for pro se plaintiff's failure to update address); Handlin v. Garvey, 1996 WL 673823, at *5 (S.D.N.Y. Nov.20, 1996) (explaining that the duty to inform the court and defendant of current address is "an obligation that rests with all pro se plaintiffs"). "When a pro se litigant fails to provide the Court with notice of a change of address, the Court may dismiss the litigant's claims." Bernard v. Romen, 2012 WL 6594622, at *2 S.D.N.Y., October 15, 2012) (citing Dong v. United States, 2004 WL 385117, at *3 (S.D.N.Y. March 2, 2004) (dismissing a pro se plaintiff's claim when the plaintiff failed to inform the court of his current address, causing the court to lose contact with him for two months). Plaintiff has failed to keep the Court advised of a current address at which papers can be served. The last notice of a change of address supplied by plaintiff was over six months ago. On one occasion the Court even contacted the parole office at plaintiff's former facility to learn of a current address; an obligation that rests with the *pro se* litigant not the Court.

Accordingly, the undersigned recommends that defendants' Motion to Dismiss be granted based on plaintiff's failure to advise the Court of a current address as mandated by the Local Rules of the Court.

## CONCLUSION

For the foregoing reasons, this Court recommends that defendants' Motion to Dismiss (Docket No. 18) be granted and that the amended complaint be dismissed with prejudice.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report and Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report and Recommendation to all parties.

**ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report and Recommendation in accordance with 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72(b) (effective Dec. 1, 2009) and W.D.N.Y. Local Civil Rule 72(b).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT and RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988)

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), "[w]ritten objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identify the portions of

the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b) may result in the District Court's refusal to consider the objection.**

So Ordered.

                                                                         /s/ *Hugh B. Scott*
                                                              United States Magistrate Judge
                                                              Western District of New York

Buffalo, New York
July 18, 2013